UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel*. DARRELL STEPHEN MCINTOSH, <br><br>    Plaintiff, <br><br> v. <br><br> ARROW-MED AMBULANCE, INC., et al., <br><br>    Defendants. | Civil Case No. <br> 15-CV-105-JMH <br><br> **MEMORANDUM OPINION & ORDER** |

\*\*\*

The case at bar was initiated by Relator Darrell Stephen McIntosh under the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730 [DE 1]. After investigation, the United States elected to intervene in part [DE 15] and filed a Complaint in Intervention on June 3, 2016 [DE 20]. The parties aver that defendants submitted or caused to be submitted false claims for reimbursement to federal medical programs, including Medicare and Medicaid, related to medically unnecessary ambulance transports [*Id*. at ¶¶30-64]. Defendants answered the Complaint in Intervention [DE 25] on August 9, 2016. The matter is now before the Court on Defendants Arrow-Med Ambulance, Inc. ("Arrow-Med"), and Hershel Jay Arrowood's Motion for Leave to

1

File a Counterclaim, filed on September 15, 2016 [DE 30]. The United States of America and Relator Darrel Stephen McIntosh have filed a Response [DE 34], stating their objections to the motion. The time for reply has expired, and this motion is ripe for resolution.

The proposed counterclaim seeks relief against Relator McIntosh for abuse of civil proceedings, abuse of process, and tortious interference with prospective business advantage [DE 30-3]. The United States and the Relator have articulated a host of problems with the counterclaim, but the Court will begin and end its consideration of the proposed counterclaim with the absence of subject-matter jurisdiction. The proposed counterclaim presents no claims other than state-law tort claims involving a corporation that is a citizen of Kentucky and individuals who the parties represent to be citizens of the United States and residents of the Commonwealth of Kentucky – but who are not purported to be from "diverse" [DE 30-3, Proposed Counterclaim at ¶8; *see also* DE 20 and 25]; *see Safeco Ins. Co. of Amer. v. City of White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994) ("The court equates the citizenship of a natural person with his domicile, *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990), but deems a corporation to have

2

the citizenship of its state of incorporation and its principal place of business, 28 U.S.C. § 1332(c)(1).").[1]

In the absence of a federal question, diversity of the parties, or any other grounds upon which this Court might premise original jurisdiction of the counterclaims, *see* 28 U.S.C. §§ 1330-1358, the Court has considered the relationship of the proposed counterclaims to those raised in the pending action. This Court may exercise supplemental jurisdiction over the counterclaim as long as the counterclaim is part of the same "case or controversy" as the underlying claim, § 1367(a), not specifically excluded by § 1367(b), and not coupled with any persuasive reason to nevertheless decline jurisdiction under § 1367(c). *See also* Fed. R. Civ. P. 13 (defining compulsory counterclaims – "aris[ing] out of the transaction or occurrence that is the subject matter of the opposing party's claim" – and permissive counterclaims – "any claim that is not compulsory").

---

[1] The Intervenor Complaint [DE 20] avers and Defendants' Answer [DE 25] admits that Relator McIntosh and Defendant Hershel Jay Arrowood are "resident[s] of . . . Kentucky and . . . citizen[s] of the United States" and that Defendant Arrow-Med is "a Kentucky corporation with its principal place of business in . . . Kentucky." The tendered Counterclaim offers no further information. "'Citizenship' for purposes of the diversity statute is synonymous not with 'residence' but with 'domicile.'" *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968) (quoting *Napletana v. Hillsdale College*, 385 F.2d 871 (6th Cir. 1967); *Williamson v. Osenton*, 232 U.S. 619 (1914)). In this case, there is no foundation up on which to presume that the parties to the tendered Counterclaim are diverse or not diverse, but the "burden of persuasion for establishing diversity jurisdiction . . . remains on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); 13E Wright & Miller § 3602.1, at 119). Neither Defendant Arrowood nor Defendant Arrow-Med have borne that burden in this instance.

3

According to Defendants Arrow-Med and Arrowood, "[t]hese claims do not arise out of the same transaction or occurrence that is the subject matter of McIntosh's complaint. These claims are distinct because they relate to occurrences or transactions not related to the claims asserted in the original complaint." [DE 30-1 at 2.] In fact, while the United States and Relator aver that Defendants were engaged in fraudulent billing practices, Arrow-Med and Arrowood aver that McIntosh was consistently using his role within the governments of the City of Jackson and Breathitt County to intercept or interrupt services that Arrow-Med and Arrowood were providing to patients and engaged in activities which would divert emergency response opportunities to other providers. Even if the Court broadly construes the definition of "case or controversy" in § 1367, Arrow-Med and Arrowood's counterclaim averments are insufficiently related to Plaintiff's averment that they submitted false claims for reimbursement to warrant the exercise of supplemental jurisdiction. Because they do not "form part of the same case or controversy" as the pending action, 28 U.S.C. § 1367, the counterclaims averred do not fall under the Court's supplemental jurisdiction. In the absence of an independent basis for subject matter jurisdiction with respect to the counterclaim, it must be dismissed. *See* Fed. R. Civ. P. 12(b)(1).

4

Accordingly, Defendants Arrow-Med Ambulance, Inc., and Hershel Jay Arrowood's Motion for Leave to File a Counterclaim [DE 30] is **DENIED**.

This the 27th day of October, 2016.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge