UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

UNITED STATES OF AMERICA, *ex*          )
*rel*. DARRELL STEPHEN                   )
McINTOSH,                                )
                                         )
    Plaintiff,          )          Civil Case No.
                                         )          5:15-CV-105-JMH
v.                                       )
                                         )          **MEMORANDUM OPINION**
ARROW-MED AMBULANCE, INC.;               )             **AND ORDER**
HERSCHEL JAY ARROWOOD; and               )
LESA ARROWOOD,                           )
                                         )
    Defendants.         )

\*\*\*

This matter is before the Court on the Relator, Darrell Stephen McIntosh's "Motion to Enforce Settlement" [DE 89]. Specifically, Relator requests this Court enforce a settlement agreement in the amount of one hundred and twenty thousand dollars ($120,000) against Defendants, Arrow-Med Ambulance, Herschel Jay Arrowood, and Lesa Arrowood (collectively, "Defendants"). Having considered the matter fully, and being otherwise sufficiently advised, McIntosh's motion, [DE 89], will be granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2019, the United States and Defendants negotiated a settlement of this matter in the amount of $814,617. As part of the agreement, Defendants consented to an entry of judgment in favor of the United States against them for violating the False

1

Claims Act ("FCA"). [DE 87]. The issue of the statutory relator's share was reserved for a later determination by the Court. [DE 87 at 2].

Prior to the agreed judgment, Relator executed a separate settlement agreement with Defendants, which Relator and Defendant Lesa Arrowood, on behalf of herself and Hershel Arrowood, signed. [DE 89-2]. Pursuant to this settlement, Defendants promised to pay Relator $120,000 for attorneys' fees and expenses awarded under 31 U.S.C. § 3730(d). [DE 89-2]. While this agreement was entered on May 14, 2019, Defendants had until June 12, 2019 to begin payments under the agreement. [DE 89-1 at 4; DE 89-2 at 1]. Relator was subsequently informed, however, that Defendants were unable to begin payments on time. [DE 89-1 at 4].

On August 21, 2019, Relator filed two motions for awards and fees under 31 U.S.C. § 3730(d). [DEs 88-89]. First, Relator requested an award share of $195,508.08, or twenty-four percent of the $814,617 judgment [DE 88]. The United States responded in opposition of that amount and instead requested that Relator be awarded $146,631.06, or eighteen percent. [DE 99]. On January 31, 2020, however, Relator withdrew his Motion, [DE 88], and gave notice to the Court that he had reached an agreement with the United States. [DE 118].

In addition, Relator also filed the instant motion. [DE 89]. Here, Relator seeks to enforce the settlement agreement between

2

him and Defendants. [DE 89]. Relator indicates that Defendants have not complied with the terms of the settlement agreement by their failure to make payments. [*Id.*]. Consequently, Relator asks this Court to enforce the settlement agreement, requiring Defendants to pay Relator in the amount of $120,000.00, for the attorneys' fees provided in their agreement. [DE 89].

## II. DISCUSSION

The FCA is the primary statute used by the United States to recover money lost due to fraudulent claims. 31 U.S.C. §§ 3729-3733. The FCA includes a *qui tam* provision, allowing a private person — a "relator" — to bring a civil action on behalf of the Government. 31 U.S.C. § 3730(b)(1). The FCA also provides that the relator is entitled to a share of "the proceeds of the action or settlement of the claim" and his attorney entitled to "reasonable attorneys' fees and costs." 31 U.S.C. § 3730(d)(1). Moreover, courts have consistently held that the FCA's attorney fee-shifting provision is mandatory. *See, e.g., United States ex rel. LeFan v. G.E. Co.*, 397 F. App'x 144, 152 (6th Cir. 2010). As such, Relator is entitled to an award of reasonable attorneys' fees, an amount of which would ordinarily be determined by a showing of costs incurred. *See, e.g., id.* at 147-151.

Nevertheless, Relator has moved to enforce a settlement agreement entered in contemplation of the amount of attorneys' fees awarded under the FCA. "It is well established that courts

3

retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). Before enforcing a settlement, courts must conclude that the parties have agreed to all material terms. *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645-646 (6th Cir. 2001). While this is ordinarily accomplished through an evidentiary hearing, no hearing is required where "an agreement is clear and unambiguous and no issue of fact is present." *Meadows v. City of Dry Ridge*, No. 15-61-DLB-JGW, 2017 WL 2843298, at *2 (E.D. Ky. July 3, 2017)(quoting *RE/MAX Int'l, Inc.*, 271 F.3d at 646).

"Once concluded, a settlement agreement is as binding, conclusive, and final as if it had been incorporated into a judgment." *RE/MAX Int'l, Inc.*, 271 F.3d at 650 (citing *Clinton St. Greater Bethlehem Church v. City of Detroit*, 484 F.2d 185, 189 (6th Cir. 1973)). As a consequence, courts must uphold settlement agreements "whenever equitable and policy considerations so permit." *Henley v. Cuyahoga Cty. Bd. Of Mental Retardation and Developmental Disabilities*, 141 F. App'x 437, 442 (6th Cir. 2005)(citing *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976)). Moreover, "[s]ummary enforcement of a settlement agreement for which there is no dispute as to the terms of the agreement is the only appropriate judicial response, absent proof of fraud or duress." *RE/MAX Int'l, Inc.*, 271 F.3d at 650.

4

Here, parties neither request an evidentiary hearing, nor dispute the validity of the settlement agreement, either by its material terms or allegations of fraud. [DE 120]. To be sure, in their response to Relator's motion, Defendants concede that "a settlement as described by Relator's counsel was entered on or about May 13, 2019, which called for payment to Relator's counsel of $120,000." [*Id.* at 1]. Instead, Defendants simply indicate an inability to pay due to the pending receipt of funds in escrow from the United States. [*Id.*]. However, lack of funds or ability to pay is no defense to the enforcement of a settlement or entry of judgment. Thus, because no dispute exists regarding the entry into and terms of this settlement agreement, summary enforcement of the settlement agreement is the only appropriate judicial response. *RE/MAX Int'l, Inc.*, 271 F.3d at 646, 650.

Accordingly, having reviewed Relator's motion [DE 89], and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Relator's Motion to Enforce Settlement [DE 89] is **GRANTED IN PART** to the extent that Relator requests summary enforcement of the settlement agreement;

(2) Defendants **SHALL** pay to Relator the sum of $120,000 in accordance with the terms of the settlement agreement [DE 89-2]**;**

(3) Defendants Arrow-Med Ambulance, Herschel Jay Arrowood, and Lesa Arrowood are jointly and severally liable for the amount awarded to Relator;

(4)  Parties **SHALL** submit an agreed payment plan with the Court **within twenty-one (21) days** of entry of this Order;

(5)  Relator's request for additional attorneys' fees and costs is **DENIED IN PART WITHOUT PREJUDICE**, to be renewed at a later time. Relator is directed to quantify the attorney fees and costs incurred as a result of Defendants' failure to comply with the parties' settlement agreement in any renewed motion for attorneys' fees; and

(6)  This is a final and appealable order.

This the 29th day of April, 2020.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge

6